# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALVIN E. LOWERY, JR.,** | : | **CIVIL ACTION NO. 1:05-CV-0491** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **CRAIG APKER, Warden,** | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 6) filed by Alvin E. Lowery, Jr. ("Lowery"), pursuant to 28 U.S.C. § 2241. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.    Statement of Facts**

In May 1999, Lowery pled guilty in the United States District Court for the District of Maryland to conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and cocaine base. See 21 U.S.C. 841(a)(1), 846. The court imposed a sentence of incarceration of 240 months based, in part, on a Guidelines enhancement for possession of a firearm. Lowery did not appeal this sentence, but in August 2000 filed a motion pursuant to 28 U.S.C. § 2255 claiming, *inter alia*, that his conviction and sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000). The court denied the motion on its merits. The Court of Appeals for the Fourth Circuit denied a certificate of appealability, and denied Lowery's request to file a second or successive § 2255 motion. See Lowery v. Apker, No. 04-2276, slip op. at 2 (3d Cir. Nov. 8, 2004).

Three years later, in October 2003, Lowery filed a petition in this court for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Lowery argued that the sentencing court unlawfully increased his statutory maximum beyond what was supported by the facts of the plea agreement, and that his trial counsel had been ineffective.  <u>Lowery</u>, No. 04-2276, slip op. at 2-3.  However, because Lowery failed to demonstrate that the § 2255 motion was an inadequate means for relief, <u>see</u> 28 U.S.C. § 2255, the court dismissed the petition for lack of jurisdiction.  That decision was affirmed on appeal.  <u>See</u> <u>Lowery</u>, No. 04-2276, slip op. at 2-3.

The instant § 2241 petition was filed on March 9, 2005.[1]  As in the first petition, Lowery contends that his due process rights were violated when the sentencing court applied the firearm-related enhancement without submitting the issue to a jury.  (Doc. 2 at 7).

## II. **Discussion**

A challenge to the legality of a federal conviction may only be brought in the district of sentencing, and only via a motion under 28 U.S.C. § 2255.  Accordingly, a challenge brought pursuant to a petition for habeas corpus must be dismissed for lack of jurisdiction.  <u>See</u> <u>In re Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971); <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002); <u>see also</u> <u>Strollo v. Alldredge</u>, 463 F.2d 1194, 1195 (3d Cir. 1972) (stating that, as a general rule, a § 2255

---

[1] Lowery is presently incarcerated at the Low Security Correctional Institution at Allenwood, Pennsylvania, within the Middle District of Pennsylvania.  (<u>See</u> Doc. 1).

motion "supersedes habeas corpus and provides the exclusive remedy").  A narrow exception to this jurisdictional limitation applies when a motion under § 2255 would be "inadequate or ineffective to test the legality of [a petitioner's] detention."  See 28 U.S.C. § 2255.  In such a circumstance the conviction may be challenged via a petition for writ of habeas corpus.

In the matter *sub judice*, Lowery contests the validity of his federal conviction, and hence his request for relief must be brought pursuant to a § 2255 motion.  However, citing to Apprendi v. New Jersey, 530 U.S. 466 (2000), Lowery contends that his § 2255 motion was "inadequate or ineffective" because federal courts had not yet recognized that "proof and jury requirements necessary for punishment must be charged in the indictment and proven beyond a reasonable doubt."  (See Doc. 2 at 7).  The court is unpersuaded and, indeed, this precise argument was debunked by the Third Circuit Court of Appeals in ruling upon Lowery's first petition.  See Lowery, No. 04-2276, slip op. at 2 (holding that Lowery's § 2251 motion was not inadequate or ineffective) (relying on Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2001)); see also United States v. Swinton, 333 F.3d 481, 485 (3d Cir. 2003) (holding that Apprendi is not retroactive to cases on collateral review).  Further, the more recent decisions cited by Lowery do not apply retroactively to cases—such as this—that are on collateral review.  See Schriro v. Summerlin, 124 S.Ct. 2519, 2523 (2004) (holding Ring v. Arizon, 536 U.S. 584 (2002) did not announce a new rule of criminal procedure retroactive to cases on collateral review); In re Olopade, 403 F. 3d 159, 163-64 ( 3d Cir. 2005) (holding

that Blakely v. Washington, 542 U.S. 296 (2004) may not be applied retroactively to cases on collateral review); see also Sustache-Rivera v. United States, 221 F.3d 8 (1st Cir. 2000) (finding that Jones v. United States, 526 U.S. 227 (1999) is not retroactive on collateral review).[2]

### III.   Conclusion

Because Lowery has not established the inadequacy or ineffectiveness of a § 2255 motion to challenge his federal conviction, the instant petition for writ of habeas corpus will be dismissed for lack of jurisdiction.  See Galante, 437 F.2d at 1165.  An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      July 19, 2005

**IN THE UNITED STATES DISTRICT COURT**

---

[2]  Because Jones was decided prior to the date upon which Lowery's conviction became final, application of this case would not be retroactive.  See Schriro v. Summerlin 542 U.S. 348, (2004) ("When a decision of the court results in a 'new rule,' that rule applies [only] to . . . criminal cases still pending on direct review.").  However, this is an issue for the Court of Appeals for the Fourth Circuit in the event that Lowery seeks leave to file another § 2255 motion.  See 28 U.S.C. § 2255; see also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that permission to file a second or successive § 2255 application should be sought from the court of appeals encompassing the sentencing district).

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALVIN E. LOWERY, JR.,** : | **CIVIL ACTION NO. 1:05-CV-0491** |
| **Petitioner** : | **(Judge Conner)** |
| v. : | |
| **CRAIG APKER, Warden,** : | |
| **Respondent** : | |

# **ORDER**

AND NOW, this 19th day of July, 2005, upon consideration of the petition for writ of habeas corpus (Doc. 1) and application to proceed *in forma pauperis* (Doc. 3), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The application to proceed *in forma pauperis* (Doc. 3) is GRANTED for the purpose of the filing of this action only.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.  See 28 U.S.C. § 2255; Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

3. The motion to award the writ (Doc. 6) is DENIED as moot.

4. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge